MONROE, Judge,
dissenting.
A court order had previously recognized the child as the decedent’s stepson. The decedent clearly wanted to adopt the child, and had done everything the law required of him to have a valid adoption. There is no doubt of the decedent’s intentions. In fact, he was apparently aware of his declining health and asked for expedited adoption proceedings. The probate judge signed the final judgment of adoption in Mobile 40 minutes after the decedent had died in Pascagoula, Mississippi.
The majority holds that because the appellant cited no specific authority that applies to this ease, it is affirming the judgment of the trial court. However, I can find no case law or statute that applies to the specific facts of this case, and I refuse to penalize the appellant for not including in her brief something that does not exist. She has brought a valid issue before this court and has made a valid argument, and she deserves a substantive response.
Just as there is no authority on point in support of the appellant’s argument, neither is there authority that allows the trial court to find that the judgment of adoption was void. As the majority says, “Adoption is purely statutory and our courts have always required strict adherence to statutory requirements in adoption proceedings. Ex parte Sullivan, 407 So.2d 559 (Ala.1981).” In this case, all of the statutory requirements for adoption were met, the intent of the decedent was clear, and there is no statutory reason why the adoption was not valid.
Not only is the outcome of this case unconscionable, but there is also no law to support such an outcome. The trial court erred in finding that the adoption judgment was void. I would reverse that judgment of the trial court and reinstate the judgment of adoption. Therefore, I must respectfully dissent.